## AUSTEN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. March 5, 1909.)

STREET RAILROADS (§ 114*)—COLLISION WITH PERSON ON TRACK—SUFFICIENCY
OF EVIDENCE.

      In an action against a street railway company by a person struck by
a car, evidence *held* to support a judgment for plaintiff.

      [Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 114.*]

Appeal from Queens County Court.

Personal injury action by Ethel M. Austen, an infant, by Kate A. Evans, her guardian ad litem, against the Brooklyn Heights Railroad Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, JENKS, and MILLER, JJ.

D. A. Marsh, for appellant.

Wm. J. McArthur, for respondent.

WOODWARD, J. The plaintiff, a schoolgirl of 14 years at the time of the accident, was struck by one of the defendant's surface cars on South Fourth street, borough of Brooklyn, in May, 1907. The evidence of the plaintiff, who stands alone as to her version of the accident, is to the effect that she was struck by the car at the intersection of Rodney street; that when she started to cross the street the car had not reached the far side of Rodney street, that she proceeded with care to cross, that the car was running fast, and that it caught her just as she was between the rails of the last track. The defendant's version is that the plaintiff attempted to cross the track diagonally, some 50 or 60 feet from the crossing, running into the car from behind a brewery wagon, so that the motorman had no opportunity to see her or to stop.

The testimony of the plaintiff appears to be frank and undisturbed in its essential details by the cross-examination. It is not incredible, and, while there were more witnesses in support of the defendant's version, jury trials are predicated upon the theory that the judgment of 12 men, chosen from the ordinary walks of life, on questions of fact, is better in the end than that of the court, and we see no reason for questioning the verdict in this case.

The suggestion that there was error in the charge of the learned court that "it does not follow, if you should find that the accident happened between blocks, that the plaintiff cannot recover," is without merit. A reading of the entire charge shows that the court correctly stated the law, and the refinement of reasoning which is now attempted to be placed upon the clause quoted was not suggested to the court at the time, and it is hardly possible that any member of the jury was misled by it to the prejudice of the defendant.

The judgment and order of the County Court of Queens county should be affirmed, with costs. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes